IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:06-CV-34-BO

| | |
|---|---|
| FRANCIS SUTTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)     **ORDER**<br>MICHAEL ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | |

This matter is before the Court on parties' Cross-Motions for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held in Raleigh, North Carolina on May 7, 2007, and the matter is now ripe for ruling. For the reasons discussed below, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and this matter is REMANDED for proceedings consistent with this order.

## BACKGROUND

On February 2, 2004, Plaintiff filed for benefits alleging disabling blurred vision and hip pain since December 22, 2003. His claims were denied both initially and on reconsideration. After a hearing before an administrative law judge ("ALJ"), Plaintiff's claim was denied. The appeals council denied Plaintiff's request for review, Plaintiff filed the instant action.

## ANALYSIS

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Administrative Law

Judge are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period. Plaintiff's degenerative joint disease of the left hip and partial sixth nerve palsy were considered severe at step two, but did not meet or equal a listing at step three. The ALJ found that Plaintiff could not perform his past relevant work as a heavy equipment operator at step four. However, was found able to perform jobs that exist in the national economy at step five.

2

Plaintiff argues that the ALJ erred by failing to call a vocational expert ("VE") to determine whether Plaintiff could perform jobs in the national economy. Where impairments are either non-exertional, or a combination of non-exertional and exertional, the Medical-Vocational Guidelines cannot be used without employing a VE. 20 C.F.R. § 404.1569a(d). The ALJ found that Plaintiff suffers from partial sixth nerve palsy affecting his vision. The ALJ then determined that the impairment did not affect his ability to perform light or sedentary work. The ALJ erred by failing use a VE in light of Plaintiff's non-exertional vision limitation.

Accordingly, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and this matter is remanded for proceedings consistent with this order.

SO ORDERED, this 2 day of August, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE